**IN THE UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | |
|---|---|
| **RONNIE D. SIMS, JR.,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **v.** ) | **NO. 3:23-cv-00992** |
| ) | |
| **STATE OF TENNESSEE,** ) | **JUDGE CAMPBELL** |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

Ronnie Sims, Jr., is a pretrial detainee in the custody of the Davidson County Sheriff's Office. He filed a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 on September 19, 2023 (Doc. No. 1) and, in response to the Court's deficiency order, paid the five-dollar filing fee on October 6, 2023. (Doc. No. 6.) Unaware of this payment and believing that its deficiency order had been ignored, the Court entered an order dismissing this case for failure to prosecute on November 2, 2023. (Doc. No. 5.) That order of dismissal is hereby **VACATED**.

With the case properly filed, the Court now turns to an initial review of the Petition.

### I. INITIAL REVIEW

**A. Legal Standard**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts ("Habeas Rules")[1] requires the Court to examine the Petition to ascertain as a preliminary matter whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Habeas Rule 4. The Court is not only "authorized to dismiss summarily

---

[1]     These Rules apply to § 2241 cases as well as § 2254 cases. *See* Habeas Rule 1(b).

any habeas petition that appears legally insufficient on its face," *McFarland v. Scott*, 512 U.S. 849, 856 (1994), but "has a duty to screen out" such petitions. *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (citing 28 U.S.C. § 2243).

**B. The Petition**

The Petition asserts that Petitioner turned himself in to police on October 13, 2019, and was charged, in case number 2020-B-885, with crimes that included two counts of homicide. (Doc. No. 1 at 2, 8.) Bond for the homicide counts was set at $600,000 and $700,000, respectively, and Petitioner's motions for bond reduction were denied. (*Id.*) The grand jury returned an indictment in June 2020, and later returned a superseding indictment "with several more charges." (*Id.*) At a July 2021 bond hearing, Petitioner "was denied a bond reduction on the murder charges and they revoked [his] bond on the drug charges based on allegations." (*Id.*)

Petitioner asserts his right to a speedy trial under the Sixth Amendment and his right to avoid double jeopardy (*id.* at 6), claiming that his excessive bond coupled with the delay in grand jury proceedings and in bringing him to trial has resulted in his presumption of innocence being "replaced with the presumption of guilt." (*Id.* at 8–9.) In a subsequent "Motion to dismiss indictment for post-prosecution delay" (Doc. No. 4), Petitioner makes clear that the relief he seeks for the prejudicial delay in bringing him to trial is the dismissal of all charges. He states that at his last court date, when he "was set to go to trial the next week," the prosecutor "said he was ready for Clack and Woods, but not [Petitioner]." (*Id.* at 1.) At that point, Petitioner's attorney "asserted [his] rights and told the judge that we don't want a continuance we're ready now, but the case was still continued for a 9 month delay." (*Id.* at 2.)

2

**C. Analysis**

Petitioner challenges the legality of his pretrial detention under 28 U.S.C. § 2241, which authorizes the Court to entertain a habeas application from a person "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Section 2241 petitions filed while state charges are still pending are typically dismissed as premature, unless they present exhausted claims that the prosecution violates double jeopardy or speedy trial rights, *Ealy v. Schrand*, No. CV 2:20-21-DCR, 2020 WL 1031026, at *1–2 (E.D. Ky. Mar. 3, 2020) (citing, *e.g.*, *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981) and *In re Justices of Superior Court Dept. of Mass. Trial Ct.*, 218 F.3d 11, 17–18 (1st Cir. 2000)), or that the setting of bail pending trial was unreasonable. *Atkins*, 644 F.2d at 549. While "[a] state pretrial detainee may bring a federal habeas action to demand a speedy trial" pursuant to 28 U.S.C. § 2241, he "may not generally seek habeas relief to forestall state prosecution altogether." *Abernathy v. U.S. Marshal Serv.*, No. 2:08-CV-14663, 2008 WL 4858442, at *1 (E.D. Mich. Nov. 10, 2008) (citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–91 (1973)). Here, Petitioner expresses his displeasure with the amount of his bail and with his trial being recently continued while the State proceeds against his co-defendants,[2] but the remedy he seeks is not an order for the State to lower his bail and bring him to trial; rather, he seeks the dismissal of the state's case against him. (*See* Doc. No. 4, "Motion to dismiss indictment for post-prosecution delay".)

---

[2]     The Court takes judicial notice of the Davidson County Criminal Court Clerk's website, which reveals that Clack and Woods are among Petitioner's four co-defendants in case number 2020-B-885; that Petitioner is represented by counsel; and that his trial on nine felony counts is set for April 1, 2024. https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2223852%5E5361748%5ECJIS/RONNIE%5ESI MS%5E02011991%5E427586/ (last visited Nov. 9, 2023). The website further reveals that Petitioner and Woods are scheduled to be tried together, while Clack is scheduled to be tried first, on February 12, 2024. https://sci.ccc.nashville.gov/Search/CaseSearchDetails/2223852%5E5361744%5ECJIS/KEIMICHAEL% 5ECLACK%5E01122000%5E578433/ (last visited Nov. 9, 2023).

Even when a colorable § 2241 claim is presented, the Court must abstain from exercising habeas jurisdiction as a matter of comity "if the issues raised in the petition may be resolved either by trial on the merits or by other available state procedures." *Abernathy*, 2008 WL 4858442, at *1 (citing *Atkins*, 644 F.2d at 546). "Intrusion into state proceedings already underway is warranted only in extraordinary circumstances." *Atkins*, 644 F.2d at 546; *see Younger v. Harris*, 401 U.S. 37, 45 (1971). The requirement that a federal habeas petitioner first exhaust his available state remedies is thus "especially forceful in a situation involving a speedy trial claim," because the remedy for such a violation will either involve dismissal of the indictment (if the petitioner establishes that the delay has prejudiced his defense) or a federal order requiring the state to bring the petitioner promptly to trial—remedies which "could not be more disruptive of pending state actions." *Atkins*, 644 F.2d at 546–47.

Here, although the Petition refers to multiple appearances and bond hearings in the trial court, it also reveals that Petitioner did not file any prior speedy trial challenges (*see* Doc. No. 1 at 2–3, 5) or otherwise attempt to "avail[] himself fully of the state machinery in attempting to have the state commence trial on the charges pending against him," as required to properly exhaust a speedy trial claim. *Atkins*, 644 F.2d at 547. Nor does it appear that Petitioner ever appealed the denial of his bond reduction motions. By way of comparison, the Supreme Court has found the exhaustion requirement met where the claimant demonstrated that he had made "repeated demands for trial to the courts of Kentucky, offering those courts an opportunity to consider on the merits his constitutional claim of the present denial of a speedy trial." *Braden*, 410 U.S. at 490 (noting that "[i]t is important that petitioners reach state appellate courts" in their efforts to exhaust). And the Sixth Circuit has found an unreasonable bail claim exhausted when the claimant appealed the matter to the intermediate state appellate court and sought leave to further appeal to the state

4

supreme court. *Atkins*, 644 F.2d at 550. Whereas here, the only reference to Petitioner's efforts to procure an earlier trial comes in his post-Petition motion, which reveals that after three objections to his bond setting in the trial court, Petitioner's attorney only objected to a trial continuance on one occasion, at the most recent court date. (Doc. No. 4 at 1–2.) These allegations do not support an inference that Petitioner's speedy trial or excessive bail claims have been fully exhausted. Moreover, while the Petition contains the words "double jeopardy" (Doc. No. 1 at 6), it does not cite any grounds for such a claim or give any indication that a double jeopardy claim was exhausted in state court.

In sum, given the ongoing proceedings against Petitioner in state court and his failure to exhaust available remedies there, the Court cannot find that his "only recourse was to the federal courts by way of a petition for habeas corpus." *Atkins*, 644 F.2d at 550. Accordingly, the Court must abstain from exercising jurisdiction under § 2241.

### III. CONCLUSION

As explained above, upon initial review of the Petition it plainly appears that Petitioner is not entitled to habeas relief in district court at this time. Habeas Rule 4. Further proceedings in this Court are not warranted.

Accordingly, this case is **DISMISSED** without prejudice.

Because "a plain procedural bar is present" in this case and jurists of reason could not find that it was incorrectly invoked or that Petitioner should be allowed to proceed further, no certificate of appealability shall issue. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). For the same reasons, the Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

It is so **ORDERED**.

_____

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE